# Bessie Tiffin, Appellee, v. Hillsboro Coal Company, Appellant.

INSTRUCTION—*when peremptory, should be given.* A peremptory instruction for the defendant should be given in an action on the case brought to recover for death caused by alleged wrongful act where upon an examination of the whole evidence the Appellate Court is satisfied that there was no evidence in the case upon which a recovery could be based and that the negligence charged in no count of the declaration had been sustained by such evidence.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Montgomery county; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the May term, 1908. Reversed. Opinion filed November 17, 1908.

AMOS MILLER and LANE & COOPER, for appellant.

L. V. HILL and THOMAS M. JETT, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Bessie Tiffin, as widow of Charles Tiffin, deceased, brought suit in the Circuit Court of Montgomery county against the Hillsboro Coal Company to recover damages resulting to her from the death of her husband, alleged to have been caused by the wilful negligence of the coal company. There was a verdict and judgment in favor of appellee in the sum of $2,500 and the coal company appealed.

The case was tried upon a declaration in which there were five counts: The first count alleged that deceased was in the employ of the coal company doing general work around the top of the coal shaft; that under the law governing mines and miners it was the duty of appellant to keep stationed at the top and also at the bottom of the shaft a competent man to attend to signals for at least one-half hour before hoisting began in the morning and for one-half hour after hoisting coal for the day had ceased; that the deceased was engaged in removing a defective car off the cage at the surface landing at the top of the shaft and while he was so engaged appellant caused the cage on which Tiffin had just been standing to be hoisted and he was caught between the cage and some timbers at the side of the ascending cage and immediately thereafter fell to the bottom of the shaft and was killed; that appellant wilfully failed to so keep competent men to attend to signals and by reason thereof deceased was killed and appellee injured, etc.

The second count is quite similar to the first with the added averments that deceased assisted in removing the defective car from the cage at the request of one Charles McHenry, a vice principal of appellant, and that while deceased was recrossing the cage, as-

sisting in removing the defective car, appellant wilfully and instantly caused the cage to be hoisted at the speed of 1,000 feet per minute, and that by reason of the wilful failure to keep a competent man at the top of the shaft to give signals, deceased was caught,. etc.

The third count sets out that part of the act governing mines and miners that prohibits the lifting or lowering of cages on which men are riding at a rate of speed in excess of 600 feet per minute, except with the written consent of the mine inspector and that while deceased, by the order of a vice principal of appellant was assisting in the removal of the defective car from the cage, and while he was crossing the cage, appellant's servants caused the cage to be hoisted at the speed of 1,000 feet per minute without the consent of the inspector and wilfully failed to indicate to the engineer that men were riding on the cage and by reason thereof deceased was caught, etc.

In the fourth count that part of the said act is set out which provides that the mine manager shall know that the "top" man and "bottom" man are on duty when men are being hoisted or lowered; that appellant wilfully failed to have a top man on duty at the time of the accident, etc.,.and that appellant caused the cage to be rapidly hoisted, whereby deceased was caught and killed, etc.

The fifth count sets out that part of said act which provides that signals shall be given to the engineer when cages are to be hoisted or lowered, and avers that while deceased was passing over said cage, appellant wilfully failed to observe the statute in regard to signals, and wilfully caused one ring to be given to the engineer, which indicated an empty cage to be hoisted, instead of three rings, which would indicate that a man or men were on the cage; that appellant wilfully failed to give proper signals while deceased was on the cage and so caused the cage to be hoisted at the speed of 1,000 feet per minute and by reason thereof deceased was caught, etc.

Appellant made a motion to take the case from the jury at the conclusion of plaintiff's evidence, which motion was overruled and exception saved; such motion was renewed at the conclusion of all the evidence which was also overruled and exception taken. In the view we take of the case it is only necessary to discuss this single exception, as an examination of the whole evidence satisfies us that there was no evidence in the case upon which a recovery could be based, and that the negligence charged in no count of the declaration was sustained.

The evidence shows that there were two cages in use in the shaft. Each cage was six or seven feet long and nearly that wide, and ran in separate chambers, which chambers were side by side; that each chamber had a plank wall at each of its sides while at each end, *i. e.*, the part thereof that corresponded with the ends of the cage, there were gates about six feet long and four feet high, made of boards or slats, which gates opened, one to the north and one to the south, and were hung on hinges and were hooked when closed.

Upon the subject-matter of the injury the evidence in substance was as follows: Joseph Clotfelter testified that Tiffin, who was engaged in doing common labor in appellant's service, was on a cage and on the south side of an empty and defective car, which had been brought up to the surface from below, engaged in moving the car off the cage; that he, the witness, pulled the car to get it off the cage while Tiffin pushed, and by use of a trip kept the car under control; that he saw Tiffin on the north side of the shaft; that he, the witness, after the car was off the cage, gave his attention to the moving of the car and did not notice Tiffin until he saw him caught between the south end of the cage and some platform timbers about ten or twelve feet above the surface; that during the time he heard McHenry, the top boss, first say to Tiffin ''Stay off the cage,'' and then soon after say ''Stay on the cage.''

Clotfelter further testified that Tiffin opened the south gate but he did not know who closed either of the gates.

Harrison Easley, the engineer of appellant, testified that when he stopped the cage at the surface, or what is called the lower landing, to distinguish it from another landing about thirty-five feet above the surface called the top landing, he saw Tiffin open the gate, preparatory to taking the car off. That Tiffin and Clotfelter took the car off the north side of the shaft and were going north when he last saw them; that soon thereafter he got a signal to hoist the cage to the top landing and a few seconds later received a signal to stop the cage; that when he started to hoist the cage he started slowly.

Charles McHenry, who had charge of the top works, testified that he saw Tiffin and Clotfelter at the shaft; that they had the gate open; that he, the witness, helped to take the car off the cage; that after that he went to the south side of the shaft and closed the gate; that Tiffin came back from the car, after it had been removed from the cage, to the north side of the shaft and closed the north gate; that he, McHenry, then rang the bell to hoist the cage, and that at the time he gave the signal there was no one on the cage and Tiffin was one foot from the cage outside the gate. McHenry further testified that as he rang the bell Tiffin opened the gate and started across the cage to the south side, just as the cage started to rise; that he then called to Tiffin "Stay off the cage," but that as soon as he saw Tiffin step on the ascending cage he called to him to "Stay on the cage;" that Tiffin, in place of staying on the cage, attempted to jump off and was caught between the timber and cage and then fell to the bottom of the shaft. This in substance is the entire evidence as to the manner in which deceased was injured.

The proof is conclusive that Tiffin was not on the cage when the signal to hoist was given. It can serve

no good purpose to review the testimony in detail further. The evidence failed to support the charge of negligence alleged in any count of the declaration, and appellant's motion to take the case from the jury should have been sustained.

The judgment will be reversed with a finding of fact, but the cause will not be remanded.

*Reversed.*

Finding of facts to be incorporated in the judgment:

We find that appellant was not guilty of any negligence in connection with the death of Charles Tiffin, deceased.